BAILY v. EAKES.

Opinion delivered May 11, 1925.

MORTGAGES—EFFECTS OF MERGER IN FEE—INTERVENING LEASE.—Upon a mortgagee accepting a deed to the mortgaged property, his rights under the mortgage were merged in the fee, subject to any intervening incumbrances, including a lease of which he had no knowledge, so that he could not collect from the tenant rents previously paid to the mortgagor.

Appeal from Pope Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Hays, Priddy & Hays* and *Robert Bailey,* for appellee.

HUMPHREYS, J. W. J. Martin, one of the appellees, owned two farms in Pope County. He executed a mortgage upon one of the farms for $1,800 and upon the other for $1,500. Subsequently he executed a second mortgage upon both farms to Mrs. Electra Powell to secure an indebtedness of $1,462.39. Mrs. Electra Powell transferred this note and mortgage to appellant,

without recourse, before maturity, for a valuable consideration. W. J. Martin resided upon the place known as the Martin homestead until the latter part of the year 1923. He sold the other place to D. F. Ward, who assumed the $1,500 mortgage thereon and a proportionate part of the mortgage to appellant. In the latter part of 1923 W. J. Martin leased the home place to Dow Eakes for the year 1924 for $350, which amount was paid in advance in cash. The mortgages were all past due at the time said lease was executed. This suit was then filed by appellant to foreclose his mortgage, subject to the first mortgages upon the property. W. J. Martin, Rosa B. Martin, his wife; D. F. Ward, M. M. Ward, his wife, and Dow Eakes and his wife were made parties defendant. After the institution of the suit, W. J. Martin and his wife conveyed the home place to appellant, and appellant accepted the deed with knowledge that, before the institution of the foreclosure proceedings, Dow Eakes had leased the home place for the year 1924 and had paid therefor in advance $350 in cash. D. F. Ward and his wife conveyed the other place to appellant. After the deeds were obtained the court dismissed the foreclosure suit against the Martins and Wards, at the request of appellant, and permitted him to amend his bill against Dow Eakes and his wife by alleging that they were occupying the home place without a verbal or written agreement with appellant, and by praying for a receiver to take charge of the lands for the year 1924, and for judgment against them for rent upon the property for the year 1924.

Dow Eakes and his wife filed a demurrer to the amended bill upon the ground that the facts stated therein did not constitute a cause of action against them.

The demurrer was sustained, and appellant refused to plead further, whereupon the court dismissed his bill for the want of equity, from which is this appeal.

Appellant contends for a reversal of the decree upon the theory that, after the execution and record of the

mortgage, the mortgagor had no right to execute a lease or create a tenancy which would prevent the mortgagee from foreclosing his mortgage. This contention is made upon the erroneous assumption that appellant was a mortgagee after he accepted deeds to the lands from the Martins and Wards. After the execution and acceptance of the deeds, appellee's rights as a mortgagee merged into his estate as owner in fee of the lands, subject, of course, to other intervening incumbrances of which he had knowledge. One of the intervening incumbrances was the lease executed by Martin to Dow Eakes for the year 1924 for $350 cash in advance. Appellant's amended bill contains the following admission:

"It is admitted that, before the proceedings to foreclose said mortgage were instituted, the defendant, Dow Eakes, leased said premises from W. J. Martin for the year 1924, and paid him $350 cash, all of which was known to appellant at the time he accepted the deed in the settlement of his demand."

In accepting the deed with knowledge of the tenancy, appellant ceased to be a mortgagee and assumed the relationship of landlord to Dow Eakes and wife. He voluntarily stepped into the shoes of Martin, and his right is no greater than Martin's right. Martin would have no right to collect the rents a second time, neither would his grantee, the appellant herein.

No error appearing, the decree is affirmed.